1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8  United States of America,          )
                                       )
9       Plaintiff/Respondent,          )    CR  05-1105 PCT JAT
                                       )    CIV 08-8051 PCT JAT (MEA)
10           v.                        )
                                       )    REPORT AND RECOMMENDATION
11  Miguel Angel Mejia Vasquez,        )
                                       )
12       Defendant/Movant.             )
                                       )
13  _____   )

14  TO THE HONORABLE JAMES A. TEILBORG:

15         Mr. Miguel Angel Mejia Vasquez ("Movant") is currently

16  confined at the United States prison at Ray Brook, New York,

17  pursuant to his conviction by the United States District Court

18  for the District of Arizona.  On April 24, 2008, Movant filed a

19  *pro se* motion pursuant to 28 U.S.C. § 2255, challenging his

20  conviction on one count of illegal reentry into the United

21  States.  Respondent filed a Response in Opposition to Motion  to

22  Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §

23  2255 ("Response") on July 11, 2008.  Movant filed a reply to the

24  response on July 28, 2008.

25
26
27
28

## I  Procedural History

Movant is a citizen of Mexico, who entered the United States illegally as a minor child with his parents.[1] In August of 1997, Movant was convicted by an Arizona state court on one count of possession of dangerous drugs.  See Docket No. 120 (Movant's memorandum of law in support of his section 2255 motion).[2] Movant received a sentence of three years probation pursuant to this conviction.  Id.  In March of 1998 Movant was ordered removed from the United States.  Id.  In July of 1998 Movant's probation regarding his state 1997 drug conviction was revoked and Movant was sentenced to a term of two years imprisonment pursuant to that conviction.  Id.  It appears Movant was not removed from the United States pursuant to the March order prior to the time that his supervised release was revoked in his state criminal proceedings and he was again taken into state custody in July.  In February of 1999 the Arizona Court of Appeals ordered that Movant be re-sentenced because Movant could not be sentenced to a term of incarceration for this offense.  Id.

In 1999, pursuant to a guilty plea, Movant was convicted by the United States District Court for the District of Arizona on one count of conspiracy to possess with intent to distribute methamphetamine.  See United States v. Vasquez, et al., 2:98 CR 000698 PHX JAT (Movant is defendant number 11), at

---

[1]  Movant was apparently born in 1977 and entered the United States with his parents at the age of six.

[2]  The information provided by Movant indicates he had other state court convictions for criminal damage in 1997 and trespass in 1995.

Docket No. 153.[3]  Pursuant to this conviction, on February 9, 2000, Movant was sentenced to a term of 33 months imprisonment followed by 60 months of supervised release, with credit for 448 days of pre-sentence incarceration.  Id. at Docket No. 267.  A condition of the supervised release was that Movant not reenter the United States without legal authorization.  See Response, Attach. at 137.[4]  On or about October 18, 2000, Movant was released from the custody of the Bureau of Prisons and began his term of 60 months of supervised release.  Id., Attach. at 137.

On May 10, 2000, Movant was ordered removed from the United States to Mexico by an Immigration Judge pursuant to INA section 241(a)(5), codified at 8 U.S.C. § 1231(a)(5).[5]  See Response, Attach. at 111.  Movant was deported from the United States on or about October 21, 2000.  Id., Attach. at 112.

Using an address in Lake Havasu City, Arizona, Movant applied for a United States work visa on or about February 17, 2005.  Reply, Exh. at 3 ("Appendix #11").[6]  Movant was in the

---

[3] Prior to being assigned to the Honorable James A. Teilborg the 1998 criminal case was assigned to the Honorable Roger Strand.

[4] Movant's conviction for violation of 21 U.S.C. §§ 841(a)(1) & 846 made him removable and ineligible for relief from removal because he was an alien who had committed an aggravated felony, i.e., a federal drug trafficking crime.  See 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) & (2)(C)(i) (2005 & Supp. 2008).

[5] Section 241(a)(5) of the INA, 8 U.S.C. 1231(a)(5) provides for the reinstatement of removal orders against aliens who illegally reenter the United States after having been removed or voluntarily departed under an order of removal.

[6] Additionally, in 2004 Movant's father applied for an immigrant visa for Movant, based on his own status as a United States citizen. The application was granted in early 2008.  Reply, Exh. at 4 ("Appendix 12").  However, the Notice of Action explicitly states that Movant was not eligible to adjust his status and explicitly states that the approval of the application did not function as a visa.  Id.

custody of local authorities in Lake Havasu City, Arizona, on or about August 20, 2005.   Response, Attach. at 6.   Movant was retrieved from the Mohave County jail and taken into custody by an Immigration and Customs Enforcement ("ICE") agent and transported to Blythe, California.   Id., Attach. at 5-6.   Movant was Mirandized in Spanish and then interviewed by an ICE agent. Id., Attach. at 18-24.   Movant told the agent he had most recently entered the United States on or about August 15, 2005, on foot, through the desert, accompanied by other immigrants. Id., Attach. at 25.   Movant further admitted he had not been inspected by government officials when he reentered the United States.   Id., Attach. at 25.   Movant also "readily" told the ICE agent he had been previously removed from the United States. Id., Attach. at 26.

On October 25, 2005, a grand jury indictment charged Movant with one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) as enhanced by subsection (b)(2).   See Reply, Exh. at 2.[7]   The indictment alleged that Movant "entered and was found in" the United States after having been previously removed from the United States and without

---

[7] Section 1326 provides that any alien who--
(1) has been ... deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, ...
shall be fined under Title 18, or imprisoned not more than 2 years, or both.
8 U.S.C. § 1326(a) (2005 & Supp. 2008).   Subsection (b)(2) provides:
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both...

having obtained the express consent of the Department of Homeland Security to reenter. Id., Exh. at 2. On September 28, 2005, the government filed a charge that Movant had violated the conditions of his release in his 1998 criminal matter. See United States v. Vasquez, et al., 2:98 CR 000698 PHX JAT at Docket No. 325.

Movant was appointed counsel and a jury trial was conducted in May of 2006, which resulted in a conviction on the charge stated in the 2005 indictment, i.e., illegal reentry after deportation without authorization. Response, Attach. at 1-110. Movant's counsel first argued to the Court that Movant was entitled to an acquittal based on the "continual surveillance" or "official restraint" doctrines. Id., Attach. at 99-110. Movant testified at his trial and Movant testified he thought he had permission to return to the United States. Id., Attach. at 104. Movant testified he had not entered through the desert but through a Border Patrol station at Calexico on a date he did not recall. Id., Attach. at 107-08. During Movant's trial, defense counsel challenged the ICE agents' identification of Movant as being the person interviewed on or about August 20, 2005, and asserted their Mirandizing and questioning of Movant in Spanish was improper. Id., Attach. at 1-109.

At a sentencing hearing conducted October 10, 2006, the Court noted that, based on Movant's conviction for violation of section 1326 as aggravated by subsection (b), and his prior criminal conviction for a methamphetamine-trafficking crime, the sentencing range for his conviction for violation of section

1326 was 92 to 115 months.  At the hearing Movant and his counsel argued for a downward departure from the applicable sentencing range.  Movant told the Court he had reviewed the presentence report and, after he was sentenced, Movant told the Court he had only had two days to review the report.  Id., Attach. at 130-31.

Movant did not dispute the factual allegations in the presentence report but objected to the characterization of himself and his acts in the report.  Id., Attach. at 114-33. Movant told the Court he disliked his attorney and stated he had "continually proclaimed [his] innocence."  Id., Attach. at 117. Movant asserted his counsel had urged him to plead guilty and that counsel was unwilling to listen to his explanations regarding his "previous criminal acts."  Id., Attach. at 117. Movant did not deny his prior convictions or removal as stated in the presentence report but asserted that his previous convictions were the result of "youth and to chemical usage" and that he was not then violent or addicted to drugs.  Id., Attach. at 117-18.[8]  Movant alleged he had been "railroaded" with regard to his previous removal.  Id., Attach. at 119.  Movant asserted that statements in the presentence report were "accusations that never went anywhere."  Id., Attach. at 118.  Movant argued that he did not deserve to be sentenced to a term of eight years imprisonment based on "domestic disputes and driving offenses..."  Id., Attach at 119.

---

[8]  In 2005 Movant was convicted of disorderly conduct, charges arising from an altercation with his brother.  See Docket No. 121, "Appendix 10."

1   At the sentencing hearing, the government told the

2   Court Movant had been offered a "fast track" plea agreement

3   providing for a sentence of 46 to 57 months imprisonment and

4   that Movant had been offered another plea agreement providing

5   for a sentencing range of 51 to 63 months imprisonment.   Id.,

6   Attach. at 123.

7   Movant was sentenced to a term of 92 months

8   imprisonment pursuant to his conviction for violation of section

9   1326(a) as enhanced by subsection (b).   Id., Attach. at 126 &

10  134-36.   The Court noted Movant's propensity to re-offend,

11  including the fact that his very-mitigated sentence in the 1998

12  matter pursuant to his plea agreement had not deterred him from

13  again violating the laws of the United States.   Id., Attach. at

14  127-28.   The Court also revoked Movant's supervised release in

15  his 1998 case and sentenced him to a term of seven months

16  imprisonment pursuant to the violation of supervised release, to

17  be served consecutively to his 92 month sentence.   Id., Attach.

18  at 127-29 & 140.

19  Movant took a direct appeal of his conviction and

20  sentences to the Ninth Circuit Court of Appeals and was

21  appointed counsel to represent him in his direct appeal.

22  Movant's conviction and sentence were affirmed by the Ninth

23  Circuit in a decision issued March 3, 2008.   See United States

24  v. Mejia Vasquez, 3:05 CR 1105 PCT JAT, Docket No. 118.   Movant

25  asserts that, in his direct appeal, he alleged he was denied the

26  effective assistance of counsel, and that the indictment was

27  defective and that the government violated the Brady doctrine by

28  failing to disclose exculpatory evidence to the defense.   See

Section 2255 Motion at 2.

In its decision denying Movant's direct appeal, the Ninth Circuit Court of Appeals rejected Movant's contention that the District Court erroneously denied his motion for an acquittal and also erred by revoking his supervised release. See United States v. Mejia Vasquez, 3:05 CR 1105 PCT JAT, Docket No. 118. The Ninth Circuit also rejected Movant's contention that the Court "made various errors in calculating his sentence," including adding criminal history points for a 1997 state criminal conviction for a first-time drug offense. Id. The Ninth Circuit also stated Movant had argued his prior state conviction for criminal damage should not have been used to increase his criminal history. Id. Additionally, Movant argued to the Ninth Circuit that the District Court erred by not according Movant two levels of sentencing credit for his "acceptance of responsibility." Id.

In this section 2255 action Movant asserts he is entitled to relief from his conviction and sentence because he was denied his right to the effective assistance of counsel. Movant also contends the government presented false and misleading evidence to the grand jury, in violation of his right to due process and a fair trial. Movant contends that the grand jury should have been informed that a prior state conviction had been vacated. Movant alleges the indictment was defective because it did not list aggravating sentencing factors on the indictment. Additionally, Movant asserts he is entitled to habeas relief because the government failed to provide exculpatory material to defense counsel, i.e., that Movant's

-8-

state court conviction had been vacated.

## II    Discussion

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998). Accordingly, section 2255 relief is precluded on any claim that was raised and decided in the movant's direct appeal. See, e.g., United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999). Additionally, absent a showing of cause and prejudice, a federal habeas petitioner procedurally defaults all claims which are not raised in his direct appeal, other than claims asserting the petitioner was deprived of the effective assistance of counsel. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Ware, 416 F.3d 1118, 1121 (9th Cir. 2005); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594.

Movant asserts he raised his claims regarding an alleged violation of Brady v. Maryland and the evidence presented to the grand jury, in his direct appeal. If this were so, relief on these claims would be precluded because they were raised and decided in Movant's direct appeal. See Hayes, 231 F.3d at 1139; Scrivner, 189 F.3d at 828.

1    However, the opinion of the Ninth Circuit Court of
2 Appeals denying Movant's direct appeal does not indicate that
3 Movant raised a <u>Brady</u> claim or a claim regarding the grand jury
4 proceedings in that court.  To the extent any claim regarding
5 <u>Brady</u> or the grand jury process was not raised in Movant's
6 direct appeal, such a claim has been procedurally defaulted.
7 Movant has not shown cause for, nor prejudice arising from, his
8 procedural default of these claims.  Movant does not assert that
9 he is factually innocent of the crime of conviction, i.e., that
10 he did not reenter the United States without permission after
11 being previously deported, but instead argues that he is legally
12 innocent of the crimes as charged because, inter alia, his
13 sentence was predicated on a conviction he alleges was reversed
14 and because he had applied for permission to be in the United
15 States at the time he was "found in" the United States.
16 Therefore, to the extent any <u>Brady</u> or grand jury claim was not
17 presented in Movant's direct appeal, section 2255 relief on the
18 claims is barred because Movant has not shown cause for his
19 procedural default of these claims or actual prejudice arising
20 from his default of these claims.

21            **Movant's ineffective assistance of counsel claim.**

22    Claims of ineffective assistance of federal criminal
23 counsel are properly raised for the first time in a section 2255
24 action.  <u>See</u>, <u>e.g.</u>, <u>United States v. McKenna</u>, 327 F.3d 830, 845
25 (9th Cir. 2003).  To prevail on his claims, Movant must
26 establish both that his counsel's performance was unreasonable
27 under the prevailing professional standards and the reasonable
28 probability that, but for counsel's unprofessional errors, the

results of his criminal proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 694-95, 104 S. Ct. 2052, 2068-69 (1984); Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner v. Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). To establish that counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Johnson v. Alabama, 256 F.3d 1156, 1176-77 (11th Cir. 2001).

Movant must also establish that, but for counsel's error, the result of his trial would have been different. See Hasan, 254 F.3d at 1154. Because Movant must establish prejudice arising from any error, counsel is *per se* not ineffective if counsel "failed" to raise a meritless argument or to pursue a meritless defense. See, e.g., Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir. 1992); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

Movant contends his trial counsel was ineffective because he failed to challenge the "defective" indictment.[9] Movant also contends counsel was ineffective because he failed to challenge the indictment on the basis that it did not include "all enhancements" the government "planned to use...", in violation of Movant's Fifth Amendment rights. Movant further asserts counsel should have argued that Movant had not been denied admission into the United States, but instead that Movant had submitted an "application to reside in the United States" at the time the indictment was issued.

None of the acts ascribed to counsel can be deemed unreasonable and, accordingly, counsel's performance was not deficient. The indictment, which alleged the elements of a violation of section 1326 as aggravated by subsection (b), satisfied the constitutional requirements for an indictment alleging violation of this section. Almendarez-Torres v. United States, 523 U.S. 224, 240, 118 S. Ct. 1219, 1229 (1998) (holding a subsection (b) aggravating factor need not be pled in the indictment alleging violation of section 1326). Accordingly, the indictment was not defective and counsel did not err by failing to challenge the indictment. Nor has Movant established that, had counsel challenged the indictment, the outcome of his criminal proceedings would have been different.

---

[9] Movant contends the indictment was defective because it alleged a "prior drug conviction ... when the above Arizona conviction was vacated by the Arizona State Court." Section 2255 motion at 5. The conviction was not reversed, the sentence imposed was reversed. See Mejia v. Irwin, 195 Ariz. 270, 272, 987 P.2d 756, 758 (Ct. App. 1999) (noting Movant's plea agreement in that matter had resulted in the dismissal of other charges, but that Movant stood convicted of possession of dangerous drugs).

Additionally, counsel was not ineffective for arguing that, at the time the indictment was issued in 2005, Movant's father, a United States citizen, had applied for a visa for Movant as his adult child, nor was counsel ineffective for "failing" to argue that Movant had applied for work visa prior to the time that he entered the United States in 2005. Neither application was "permission" from the Department of Homeland Security to enter the United States or consent to Movant to apply for lawful admission and, accordingly, counsel was not ineffective for failing to raise a meritless argument nor can Movant establish any prejudice thereby. See <u>United States v. Flores-Villar</u>, ___ F.3d ___, 2008 WL 3008975, at *6 (9th Cir.) (holding violation of section 1326 is a general intent crime and the defendant's subjective belief that they had permission to reenter was not a defense to the charge); <u>Delgado v. Mukasey</u>, 516 F.3d 65, 74 (2d Cir. 2008). Movant's subjective intent that he believed he had received permission to reenter, which was expressed to the jury, was not something the government was required to prove nor was the jury required to find Movant not guilty if it concluded he had applied for legal reentry prior to the time he entered in August of 2005.

### III   Conclusion

Movant procedurally defaulted the claims stated in his section 2255 petition except for his ineffective assistance of counsel claims. Movant has not shown cause for, nor prejudice arising from, his procedural default of his claims. Additionally, Movant's ineffective assistance of counsel claims must be denied because Movant has not established that his

counsel's performance was deficient or that he was prejudiced by any alleged error of counsel.

**IT IS THEREFORE RECOMMENDED** that Mr. Mejia Vasquez' Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver

of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 8th day of August, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-15-