**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 08-8051-PCT-JAT |
| ) | CR 05-1105-PCT-JAT |
| Plaintiff/Respondent, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Miguel Angel Mejia Vasquez, ) | |
| ) | |
| Defendant/Movant/Petitioner. ) | |
| ) | |
| ) | |

Pending before the Court is Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On August 11, 2008, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the motion be denied. Petitioner filed objections to the R&R.[1]

**Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed, the Court will consider the motion de novo.

---

[1] The Court deems the objections to have been timely filed.

**Direct Appeal**

The R&R recommends that this Court deem any claims raised by Petitioner on direct appeal to be final and not subject to reconsideration on collateral attack, and to deem any claims not raised in the direct appeal to be not be available for consideration on collateral attack unless movant can show cause and prejudice for his failure to raise such claims is his original appeal. R&R at 9. Petitioner objects to this legal framework arguing that the Magistrate Judge contradicts himself by stating, "On one hand [the Magistrate Judge] states that [Petitioner] cannot appeal via 2255 motion if his issues were presented in his direct appeal. On the other hand [the Magistrate Judge] states clearly that [Petitioner] cannot appeal via 2255 motion on issues in his direct appeal unless his issues were raised in his direct appeal." Objections at 3.

The R&R correctly recounts the law. Any issue raised and decided in a direct appeal is the law of the case and cannot be relitigated as part of a § 2255 motion. *U.S. v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, to ensure the finality of judgments, a § 2255 motion is not a substitute for, nor an extension of, a direct appeal. *U.S. v. Frady*, 456 U.S. 152, 164-65 (1982). Because a § 2255 motion is not part of the direct appeal, courts evaluate it under a higher standard for obtaining relief than a direct appeal. *Id.* Thus, to raise a claim that could have been raised in the direct appeal, but was not, a § 2255 petitioner must show "cause and actual prejudice" to prevail on the claim on a collateral attack. *Id.* at 164-67 (finding that to consider a claim raised for the first time in a § 2255 motion on a "plain error" review, the same as a direct appeal, would not give the prior final judgment sufficient respect and deference). Thus, Petitioner's objection to the R&R's recounting of the law as inconsistent is overruled.

Having confirmed the legal framework, the Court agrees with the R&R with respect to the claims raised herein that were also raised before the Court of Appeals; specifically, the court of appeals denial of relief as to those claims (for example regarding the criminal history

- 2 -

1  points added based on the Arizona conviction) is the law of the case and will not be
2  reconsidered herein. With respect to the claims that Petitioner raises herein that he had the
3  opportunity to raise before the Court of Appeals, but did not, this Court will not consider the
4  merits of those claims as part of this § 2255 motion unless Petitioner can show cause and
5  prejudice for his failure to raise them in his direct appeal.[2]

6         The Court agrees with the R&R that Petitioner has not shown cause and prejudice
7  with respect to the claims he is attempting to raise herein that he did not raise in his direct
8  appeal. Nothing in his objections changes this conclusion. Accordingly, habeas relief on
9  these claims will be denied. *See* R&R at 9-10.

10  **Ineffective Assistance of Counsel**

11         In the R&R, the Magistrate Judge addressed the merits of the ineffective assistance
12  of counsel claim, noting that Petitioner did not have to exhaust this type of claim on direct
13  appeal. R&R at 10-13. The R&R correctly recounts the standard Petitioner must meet to
14  prevail on an ineffective assistance of counsel claim. *Id.* at 10-11. Specifically,

15  To prevail on his claims, [Petitioner] must establish both that his counsel's performance was unreasonable under the prevailing professional standards and
16  the reasonable probability that, but for counsel's unprofessional errors, the results of his criminal proceedings would have been different. *See Strickland*
17  *v. Washington*, 466 U.S. 668, 694-95 (1984); *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001); *United States v. Span*, 75 F.3d 1383, 1386-87 (9th Cir.
18  1996).

19  *Id.*

20         Here, Petitioner's first theory of ineffective assistance of counsel is based on what
21  Petitioner alleges was a defective indictment. Objections at 4-7. Specifically, Petitioner
22  argues that the indictment failed to allege the enhancements that would be used against
23  Petitioner, and those enhancements were not proven to the jury, which Petitioner claims is
24  a violation of *United States. v. Booker*, 543 U.S. 220 (2005) (Petitioner was charged with

25

---

26         [2] Except ineffective assistance of counsel claims, which are properly raised for the
27  first time in a § 2255 motion. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

28  - 3 -

1  illegal reentry after deportation under 8 U.S.C. § 1326 as enhanced by subsection (b)).
2  Objections at 4; R&R at 12. However, as the R&R correctly notes, under *Almendarez-Torres*
3  *v. United States*, 523 U.S. 224, 247 (1998) the subsection (b) enhancement to 8 U.S.C. §
4  1326 need not be pleaded in the indictment. R&R at 12. Therefore, counsel was not
5  ineffective for failing to raise a challenge to the indictment that would have failed.

6  Seemingly acknowledging this law, in his objections Petitioner states, "[Petitioner's]
7  Motion under 2255 clearly [has] preserved his constitutional claim in the event *Almendarez-*
8  *Torres*, were to be officially reversed." Objections at 6. Considering that *Almendarez-*
9  *Torres* has not been reversed, the Court overrules Petitioner's objections and will not grant
10 habeas relief on this theory of ineffective assistance of counsel.

11 Next, Petitioner argues that his counsel was ineffective because counsel failed to
12 challenge Agent Rodriguez's testimony that Petitioner had not applied for legal presence in
13 the country, when Petitioner argues that he had in fact applied. Objections at 7, citing
14 "Appendix 11" (Doc. #120 at 28 in CR 05-1105). Appendix 11 shows that on February 17,
15 2005, a form I-765, which is an Application for Employment Authorization Document, was
16 submitted for Petitioner.

17 A defense to illegal reentry is that the alien had express consent of the Attorney
18 General of the United States to reapply for admission before such alien entered or attempted
19 to enter the United States. 8 U.S.C. § 1326. As the R&R correctly finds, an application is
20 not the express consent of the Attorney General. R&R at 13. Therefore, the application
21 found at Appendix 11 would not have been a defense in this case. As further stated in the
22 R&R, because any argument in this regard would not have changed the outcome in this case,
23 counsel was not ineffective for failing to make this argument. R&R at 13.[3]

24

---

25 [3] The R&R also concludes that any subjective belief Petitioner had about the effect
26 of his application also would not change the result in this case because 8 U.S.C. 1326 is a
   general intent crime, making Petitioner's subjective belief irrelevant and counsel was not
27 ineffective for failing to prevail on this argument. R&R at 13 (citing *United States v. Flores-*

28 
- 4 -

In his objections, Petitioner argues that the record which includes what Petitioner claims is the inaccurate testimony of Agent Rodriguez represents a mistake this Court should correct under Federal Rule of Civil Procedure 60(a) or 60(b)(1). The standard under which this Court is reviewing the merits of this claim is the ineffective assistance of counsel standard, as stated in *Strickland*, which is applicable to criminal convictions. Thus, because Federal Rule of Civil Procedure 60 sets forth a different standard, Petitioner's objection that this Court should review his claim applying that standard is overruled.

**Conclusion**

The Court having concluded that only Petitioner's ineffective assistance of counsel claim should be considered on the merits, and the Court having determined that counsel was not ineffective,

**IT IS ORDERED** that the objections (Doc. #5) are overruled, the Report and Recommendation (Doc. #4) is accepted and adopted, thus, the Motion (Doc. #1) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 5th day of November, 2008.

_____
James A. Teilborg
United States District Judge

---

*Villar*, 536 F.3d 990, 999 (9th Cir. 2008). Petitioner did not make a specific objection regarding his subjective intent, nonetheless, reviewing the case de novo, this Court also adopts this additional recommendation by the Magistrate Judge.